IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of:<br><br>ANGELA ELAINE NOWELL,<br><br>                     Deceased,<br><br>DEBORAH OSBORNE,<br><br>                     Appellant,<br><br>          v.<br><br>EL-FATIH PAUL NOWELL,<br><br>                     Respondent. | No. 88386-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Deborah Osborne appeals from an order denying her motion for revision of a King County court commissioner's order denying her petition to be appointed as administrator of the estate of her deceased sister Angela Nowell. We affirm.

Angela,[1] a resident of King County, died intestate on November 6, 2020. On May 23, 2024, Osborne, representing herself, filed a petition in King County Superior Court to be appointed the administrator of Angela's estate. A King County court commissioner denied Osborne's petition because Angela's husband Nowell had already been appointed administrator of the estate in Pierce County and "[t]his court cannot modify that order and cannot appoint a 'second'

_____

[1] For clarity, we refer to Angela Nowell by her first name as she shares a last name with her surviving spouse, El-Fatih, whom we refer to as Nowell.

administrator.' " Osborne separately appealed from the Pierce County Superior Court's January 10, 2025, order denying her motion to revise the Pierce County court's commissioner's order denying her motion to vacate Nowell's letters of administration. A commissioner of this court linked the appeals for review by the same panel.[2]

In this appeal, Osborne argues that the King County Superior Court erred because she had already opened probate in King County and no motion to change venue to Pierce County Superior Court was filed in that action. She further argues that Nowell unlawfully filed for appointment in Pierce County and the King County court commissioner should have compelled him to respond to her petition instead of denying it.

In the linked appeal ("Pierce County appeal"), we rejected essentially identical arguments and held that Osborne offered no tenable basis to vacate Nowell's appointment in Pierce County. See In re Estate of Nowell, No. 88154-0-I, slip op. at 1 (Wash. Ct. App. April 6, 2026) (unpublished). Because no letters of administration had been granted in the King County probate and the appointment of Nowell as administrator of his wife's estate in Pierce County was otherwise proper, no change of venue from King County to Pierce County was required. Id. at 5-6. We adopt the facts and reasoning from our opinion in the Pierce County appeal and hold that the King County Superior Court did not err in denying Osborne's motion to revise the commissioner's order denying her petition.

---

[2] The background facts are set out in greater detail in our opinion in the linked appeal, In re Estate of Nowell, No. 88154-0-I (Wash. Ct. App. April 6, 2026) (unpublished).

Osborne also alleges "procedural disparities and due process concerns" regarding this court's rulings on motions filed by both parties. We considered and rejected the same arguments in numerous motions Osborne filed in the Pierce County appeal. Nowell, No. 88154-0-I, slip op. at 7-10. Consistent with our opinion in that matter, the same motions and arguments raised in this matter are also denied.

Nowell requests reasonable attorney fees and costs on appeal under RAP 18.1(a) and RCW 11.96A.150. We exercise our discretion and award reasonable attorney fees and costs to Nowell under RCW 11.96A.150 subject to compliance with RAP 18.1. Osborne's request for an award of sanctions against Nowell under RAP 18.9(a) is denied.

Affirmed.

_____
Chung, J.

WE CONCUR:

_____       _____
Birk, J.                                Smith, J.